IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AIM GROUP, INC., | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-0633 |
| | § | |
| BAMACO, INC., *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Remand [Doc. # 8] filed by Plaintiff AIM Group, Inc. ("AIM"), to which Defendants BP America Production Company and BP Exploration & Production Inc. (collectively, "BP") filed an Opposition [Doc. # 10]. Having carefully reviewed the full record and applied governing legal authorities, the Court **grants** Plaintiff's Motion to Remand, and **remands** this case to the 359th Judicial District Court, Montgomery County, Texas.

## I.  BACKGROUND

AIM filed this lawsuit seeking payment for work it performed in connection with beach clean-up operations following BP's Deepwater Horizon drilling platform explosion and resulting oil spill. AIM originally sued Defendants Bamaco, Inc. ("Bamaco") and Robert M. Mitchell in Texas state court in Montgomery County. Bamaco filed a third party action against O'Brien's Response Management, Inc.

("O'Brien's"), BP's prime contractor for clean-up response. AIM filed a Cross Claim against BP.

BP removed the state court lawsuit to federal court. Plaintiff filed a timely Motion to Remand, which has been briefed and is ripe for decision.

## II.   REMOVAL PROCEDURE

When removal is challenged, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *accord Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). The removing party must demonstrate not only that a jurisdictional basis for removal exists, but also that it complied with the requirements of the removal statute. *Roth v. Kiewit Offshore Servs., Ltd.*, 625 F. Supp. 2d 376, 382 (S.D. Tex. 2008).

The removal procedure is set forth in 28 U.S.C. § 1446, which provides that all properly joined and served defendants "must join in or consent to the removal of the action." *See* 28 U.S.C. § 1446(b)(2)(A). "This rule simply requires that there be 'some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have the authority to do so, that it has actually consented to such action.'" *Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002) (emphasis omitted). BP concedes that Defendants

Bamaco and Mitchell did not join in or consent to its removal of this lawsuit from state court.

BP argues that its failure to obtain consent of Bamaco and Mitchell should be excused, however, because these Defendants "have become completely unresponsive." *See* Response, p. 8. In support of its argument, BP relies primarily on the Fifth Circuit's decision in *Gillis*, where removal was held proper despite a procedural irregularity. In that case, there was a dispute regarding whether the consent to removal filed by an attorney on behalf of one defendant, the Board of River Port Pilot Commissioners and Examiners (the "Board"), was formally authorized. *See Gillis*, 294 F.3d at 758. The Board had not met formally during the removal period to vote on consent because one of the Board members had scheduling conflicts. *See id.* Thereafter, the Board held a formal meeting to ratify the consent. *See id.* The district court held that this situation fell within the "exceptional circumstances doctrine" set forth in *Getty Oil v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 n. 12 (5th Cir. 1988), and the Fifth Circuit affirmed. *See Gillis*, 294 F.3d at 758-59. The Fifth Circuit noted that the situation was exceptional because the Board had attempted to schedule a meeting to vote on formal approval for the consent and that the consent filed on the Board's behalf within the removal period was at a minimum informally

approved and authorized. *See id.* at 759. The informally authorized consent was promptly ratified by the Board. *See id.*

The circumstances in this case are not exceptional. Defendants Bamaco and Mitchell filed an Answer and served discovery requests. *See* Exhibit C to Motion to Remand. BP asserts that Bamaco and Mitchell have "become unresponsive to the point of suffering an adverse judgment against them." *See* Response, p. 8. The "adverse judgment," however, was a ***partial*** summary judgment for documented amounts Bamaco actually received (but failed to pay to AIM) and as to which there was apparently no dispute. *See* Notice of Removal [Doc. # 1], Exh. C. No other "adverse judgment" was requested or granted.

BP asserts also that "these defendants have so completely ignored this litigation that their counsel sought and was granted permission to withdraw." *See* Response, p. 9. The record establishes, however, that Bamaco and Mitchell's counsel requested permission to withdraw based on their failure to pay his legal fees. *See* Motion to Withdraw, Exh. E to Notice of Removal. The record shows also that BP sent a letter to Bamaco and Mitchell, and left two voice mail messages. The letters to Bamaco and Mitchell state only that BP is requesting consent to removal and is including a consent form. Bamaco and Mitchell's decision not to return the enclosed consent form or otherwise respond to these contacts does not rise to the level of exceptional

circumstances. Instead, it may simply indicate that Bamaco and Mitchell do not consent.

Bamaco and Mitchell have not consented to the removal of this lawsuit from state court, and there are no exceptional circumstances that would excuse their lack of consent. As a result, the removal procedure was defective and the Motion to Remand is granted.

### III. CONCLUSION AND ORDER

BP failed to obtain the consent of all properly joined and served defendants. As a result, the removal was defective and Plaintiff is entitled to remand. It is hereby

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 8] is **GRANTED**. This case will be remanded to the 359th Judicial District Court of Montgomery County, Texas, by separate Remand Order.

SIGNED at Houston, Texas, this **10th** day of **May, 2013**.

_____
Nancy F. Atlas
United States District Judge